UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RITA KAYE ILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-221-F |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Rita Kaye Iles brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. United States District Judge Stephen P. Friot has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 12, hereinafter "R. _"). The parties have briefed their positions, and the case is now ready for decision. For the reasons stated herein, it is recommended that the Commissioner's decision be REVERSED and REMANDED.

PROCEDURAL HISTORY

Plaintiff protectively filed her application for SSI on October 14, 2008, alleging a disability onset date of December 14, 2005. R. 109, 129. Following denial of her

application initially and on reconsideration, Plaintiff obtained a hearing before an Administrative Law Judge ("ALJ") on July 15, 2010. R. 27-62, 63, 64. In addition to Plaintiff, a vocational expert appeared and testified at the hearing. R. 58-60. The ALJ issued an unfavorable decision on September 19, 2011. R. 10-21.

## THE ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since applying for benefits on October 14, 2008.[1] R. 16. At step two, the ALJ determined that Plaintiff had the following severe impairments: a thyroid dysfunction; polycystic kidney and liver disease; irritable bowel syndrome (constipated type); gastroesophageal reflux disease; osteoporosis; and mitral valve regurgitation. R. 16-17. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Pt. 404, Subpart P, Appendix 1 (the "Listings"). R. 17-18.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 18-20. The ALJ considered Plaintiff's testimony, written

---

[1] Although Plaintiff alleged an earlier onset date, the ALJ applied Plaintiff's application date because there is no retroactivity of payment for SSI. SSI payments generally "are prorated for the first month for which eligibility is established after application and after a period of ineligibility." SSR 83-20, 1983 WL 31249, at *1; 20 C.F.R. § 416.335; *see also* 42 U.S.C. § 1382(c)(7) (prescribing that an application for SSI shall be effective on the *later* of the first day of the month following the date such application is filed, or the first day of the month following the date such individual becomes eligible for such benefits).

2

statements, and medical records. R. 19-20. The ALJ found that Plaintiff had the RFC to perform a range of light work with some exertional and postural limitations:

> The claimant can lift and/or carry and push and/or pull twenty pounds occasionally, ten pounds frequently. She can sit, with normal breaks, for a total of six hours in a workday. She can stand and/or walk, with normal breaks, for a total of six hours in a workday. The claimant can balance, climb, stoop, crouch, kneel, and crawl occasionally.

R. 18.

Based on this RFC assessment, the ALJ determined at step four that Plaintiff was able to perform her past relevant work as a bartender.[2] R. 20. Therefore, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 20.

Plaintiff's request for review by the Appeals Council was denied on January 4, 2013. R. 1. The September 19, 2011 determination of the ALJ thus became the Commissioner's final decision. *See* 20 C.F.R. § 416.1481. Thereafter, Plaintiff commenced this appeal.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760

---

[2] At step four, the ALJ confusingly references Plaintiff's past employment as a cashier while also appearing to recognize that the cashier position would not qualify as "past relevant work," because Plaintiff's cashier job did not amount to "substantial gainful activity"—a required condition for that job to considered "past relevant work" at this step. *See* R. 15, 16, 20; 20 C.F.R. §§ 416.960(b)(1), .965.

3

(10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ISSUES PRESENTED ON APPEAL

Plaintiff's primary claim of error is essentially a multifaceted attack on the ALJ's treatment of Plaintiff's diagnosis of fibromyalgia, although Plaintiff nominally refers to other impairments alongside fibromyalgia. In essence, Plaintiff argues that the case should be remanded because the ALJ did not have the guidance of Social Security Ruling 12-2p, titled "Titles II and XVI: Evaluation of Fibromyalgia" and issued in 2012, when issuing her 2011 decision. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). Plaintiff first contends that the ALJ erred by failing to fully develop the record as to the medical evidence of Plaintiff's diagnosis of fibromyalgia, as required by, *inter alia*, SSR 12-2p. Plaintiff relatedly asserts that the ALJ was required but failed to order a consultative examination to determine the full extent of the severity and functional effects of

Plaintiff's fibromyalgia and its impact on the RFC, as also would be required under SSR 12-2p. Plaintiff argues but that for the ALJ's failures in this regard, Plaintiff's fibromyalgia would have been determined to be disabling. *See* Pl. Opening Br. at 4-12 (Doc. No. 14); Pl. Reply Br. at 1-4 (Doc. No. 16).

Second, Plaintiff contends that the ALJ's step-four finding—that Plaintiff could return to her past relevant work—is not supported by substantial evidence because the ALJ did not properly consider that Plaintiff's previous jobs, as actually performed by Plaintiff, constituted "medium" rather than "light" work and required lifting and carrying beyond the limits included in the ALJ's RFC assessment for Plaintiff. *See* Pl. Opening Br. at 12-14.

## ANALYSIS

After the ALJ issued her decision on September 19, 2011, but before Plaintiff's appeal of that decision was denied by the Appeals Council on January 4, 2013, the Social Security Administration ("SSA") published SSR 12-2p. The Ruling's effective date was July 25, 2012. *See* SSR 12-2p, 2012 WL 3104869. SSR 12-2p provides guidance on the ALJ's development of evidence and evaluation of fibromyalgia in disability claims. *See id.*; *see also* SSR 99-2p, 1999 WL 271569, at 3 n.3 (Apr. 30, 1999) (noting the SSA's previous fibromyalgia guidance).

In her decision, the ALJ referred only once to Plaintiff's fibromyalgia, in the course of discussing the RFC assessment: "One doctor mentioned fibromyalgia, but there was no trigger point testing or other indications of fibromyalgia." *See* R. 19. The ALJ provided no citation for this proposition. The ALJ did not consider whether Plaintiff's fibromyalgia was

a severe impairment (step two) or whether Plaintiff's fibromyalgia met or medically equaled one of the presumptively disabling impairments in the Listings (step three).

The undersigned's review of the record reveals that fibromyalgia appears at least four separate times in Plaintiff's medical evidence, most notably in the treatment notes of Dr. Eileen West and Dr. Kenneth Williams. Rather than a mere "mention," both of these physicians note "Fibromyalgia" as the first assessment in the "Assessment/Plan of Care" portion of their records. *See* R. 399, 428. Dr. West specifically states "exam suggestive of fibromyalgia" together with specific medications. R. 399. Dr. Williams' notes state that Plaintiff has a history of fibromyalgia and likewise show a recommended medication. R. 428. A history or description of "fibromyalgia" additionally appears in two other medical records. *See* R. 437, 438, 439, 447.

Pursuant to SSR 12-2p, there are specific steps the ALJ may take when there is insufficient evidence to determine whether the claimant has a medically determinable impairment of fibromyalgia or whether the fibromyalgia is disabling. SSR 12-2p, 2012 WL 3104869, at *4-5. For example, the ALJ may recontact the claimant's medical sources, request additional existing records, or purchase a consultative exam. *Id.* SSR 12-2p additionally prescribes the analysis an ALJ should follow in the five-step sequential evaluation to determine whether a claimant with a medically determinable impairment of fibromyalgia is disabled. *See id.* at *5-6. The ALJ did none of the steps contemplated by SSR 12-2p here, likely due at least in part to her misapprehension of the medical evidence of fibromyalgia in the record.

The Commissioner does not dispute that the ALJ did not evaluate evidence or consider Plaintiff's fibromyalgia in a manner consistent with SSR 12-2p but argues that SSR 12-2p was "not applicable" due to the Ruling not taking effect until July 25, 2012. Def. Br. at 6 (Doc. No. 15). By its own terms, however, SSR 12-2p did apply to the September 19, 2011 decision, as Plaintiff's claim—which was before the Appeals Council on a request for review—still was within the province of the SSA on that date. *See* SSR 12-2p, 2012 WL 3104869, at *1 n.1 ("[T]he policy interpretations in this SSR also apply . . . to claims above the initial level."). Further, Tenth Circuit precedent supports remand in these circumstances. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (internal quotation marks omitted) (remanding case where SSR clarifying existing policy was published after the ALJ's decision was issued). Remand also may be warranted based on a new policy interpretation ruling such as SSR 12-2p where, as here, "the ALJ did not have the benefit of the Ruling when [she] arrived at [her] decision, and the Court "cannot determine whether [claimant's] evidence could have led to a different result had the ALJ assessed it with reference to the new Ruling." *See id.*; *see also Schuster v. Colvin*, No. 13-cv-0718-WJM, 2014 WL 803461 (D. Colo. Feb. 28, 2014) (remanding based on the ALJ's failure to follow the guidance of SSR 12-2p in a decision predating the issuance of that Ruling).

Because the undersigned is unable to determine whether the ALJ would have reached different conclusions at steps two, three, and/or four of the analysis had she

followed SSR 12-2p, remand on this issue is appropriate. *See Frantz*, 509 F.3d at 1302; *Schuster*, 2014 WL 803461, at *3. Because this issue alone requires remand and affects the analysis as a whole, the undersigned need not address the other claim of error raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge recommends that the decision of the Commissioner be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by March 28, 2014. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED on this 14th day of March, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE